UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DR. MELISSA FRANCKOWIAK,

                             Plaintiff,

                v.

CATHOLIC HEALTH, and
GREAT LAKE ANESTHESIA,

                            Defendants.
_____

|  |  |
|---|---|
| | REPORT<br>and<br>RECOMMENDATION |
| | 22-CV-514-JLS-LGF |

APPEARANCES:      LAW OFFICE OF LINDY KORN, PLLC
                          Attorneys for Plaintiff
                          LINDY KORN, and
                          CATHERINE JANE McCULLE, of Counsel
                          Electric Tower
                          535 Washington Street
                          9th Floor
                          Buffalo, New York  14203

                          HORTON LAW PLLC
                          Attorney for Defendant Catholic Health
                          SCOTT PATRICK HORTON, of Counsel
                          4955 Chestnut Ridge Road
                          Suite 203
                          Orchard Park, New York  14127

                          BOND SCHOENECK & KING, PLLC
                          Attorneys for Defendant Great Lake Anesthesia
                          STEPHEN A SHARKEY, of Counsel
                          Avant Building
                          200 Delaware Avenue
                          Suite 900
                          Buffalo, New York  14202

## **JURISDICTION**

This case was referred to the undersigned by Honorable John L. Sinatra, Jr., on

September 12, 2022, for all pretrial matters including preparation of a report and

recommendation on dispositive motions. (Dkt. 13).  The matter is presently before the court on Defendant Great Lake Anesthesia's motion to dismiss for failure to state a claim filed September 27, 2022 (Dkt. 15).

## **BACKGROUND**

On July 5, 2022, Plaintiff Dr. Melissa Franckowiak ("Plaintiff") commenced this action alleging employment discrimination based on sex, age and familial status against Defendants Catholic Health ("Catholic Health"), and Great Lake Anesthesia ("Defendant" or "GLA") (together, "Defendants"), in connection with Plaintiff's former employment as an anesthesiologist at Kenmore Mercy Hospital in Kenmore, New York. Plaintiff asserts six claims for relief including (1) employment discrimination based on age in violation of New York State Human Rights Law ("NYSHRL"), New York Exec. Law Art. 15, § 296[1](a) ("§ 296[1](a)"), and the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., Complaint, First Cause of Action ("First Claim"); (2) employment discrimination based on familial status in violation of NYSHRL and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. ("§ 2000e"), *id*., Second Cause of Action ("Second Claim"); (3) sexual harassment in violation of NYSHRL and Title VII, *id*., Third Cause of Action ("Third Claim"); (4) employment discrimination based on sex in violation of NYSHRL and Title VII, *id*., Fourth Cause of Action ("Fourth Claim"); hostile work environment based on sex and sexual harassment in violation of NYSHRL and Title VII, *id*., Fifth Cause of Action ("Fifth Claim"); and retaliation for opposing discrimination in violation of NYSHRL and Title VII,

*id*., Sixth Cause of Action ("Sixth Claim").  On September 7, 2022, Catholic Health filed an answer (Dkt. 10).

On September 27, 2022, Defendant GLA moved to dismiss the Complaint for failure to state a claim (Dkt. 15) ("Defendant's Motion"), attaching the Declaration of Stephen A. Sharkey, Esq. in Support of Defendant's Motion to Dismiss (Dkt. 15-1) ("Sharkey Declaration"), with exhibits A through E (Dkts. 15-2 through 15-6) ("Defendant's Exh(s). __"), and the Memorandum of Law on Behalf of Defendant Great Lakes Anesthesiology, P.C. in Support of Its Motion to Dismiss (Dkt. 15-7) ("Defendant's Memorandum").  On November 28, 2022, Plaintiff filed Plaintiff's Memorandum of Law in Opposition to Defendant Great Lakes Anesthesia's Motion to Dismiss (Dkt. 19) ("Plaintiff's Response").  On December 15, 2022, Defendant filed the Reply Memorandum of Law on Behalf of Defendant Great Lakes Anesthesiology, P.C. in Further Support of Its Motion to Dismiss (Dkt. 20) ("Defendant's Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion should be GRANTED.


## FACTS[1]

On July 1, 2012, Plaintiff, Dr. Melissa Franckowiak ("Plaintiff" or "Dr. Franckowiak"), an anesthesiologist, commenced working for Anesthesia Consultants Associates ("ACA"), at Kenmore Mercy Hospital in Kenmore, New York ("Kenmore Mercy" or "the hospital"), pursuant to an exclusive contract between Defendant Catholic

---

[1] Taken from the Complaint filed in this action.  Because CHS has not moved to dismiss, and as most of the Complaint's allegations pertain to CHS, the court presents only those factual allegations required to decide GLA's motion to dismiss.

Health System, Inc.[2] ("CHS") and ACA ("the ACA contract") for the provision of anesthesia services.  Plaintiff was a partner at ACA.  While working pursuant to the ACA contract as an anesthesiologist at Kenmore Mercy, Plaintiff provided anesthesia for patients undergoing surgical procedures.  On October 31, 2019, Plaintiff was notified that CHS would not be renewing the ACA contract.  On April 30, 2020, the ACA contract expired and was not renewed, and Plaintiff ceased working as an anesthesiologist at Kenmore Mercy.  Instead of renewing the ACA contract, CHS entered into a contract with Defendant Great Lakes Anesthesiology, PC[3] ("Defendant" or "GLA").  One Dr. Robert Ramsdell ("Dr. Ramsdell") is the President and a partner at GLA.

Prior to the expiration of the ACA contract, Plaintiff interviewed with Dr. Ramsdell about possibly working as an anesthesiologist for GLA.  While interviewing with Dr. Ramsdell about a possible position with GLA, Dr. Ramsdell told Plaintiff that because she has young children, Plaintiff might not want a position that required travel to other sites in Western New York.  GLA did not offer Plaintiff a full-time position, but "only an occasional per diem arrangement to work elsewhere at [GLA's][4] contracted sites," did not include working at Kenmore Mercy, was for "a fraction" of the pay Plaintiff received under the ACA contract, and did not provide any "opportunity for equal partnership." Complaint ¶ 33; *see id*. ¶ 67 (alleging when Plaintiff expressed interest in a full-time job, GLA partners suggested Plaintiff might not want a full-time position because it might involve travel and Plaintiff has young children).  Plaintiff particularly alleges the per diem contract positions offered by GLA were for only 18 hours per week at GLA sites, were

---

[2] Defendant Catholic Health System, Inc. appears in the caption of the Complaint as "Catholic Health."
[3] Great Lakes Anesthesiology, PC appears in the caption of the Complaint as "Great Lake Anesthesia." The Plaintiff has not attempted to correct this apparent discrepancy.
[4] Unless otherwise indicated, bracketed material has been added.

not necessarily at Kenmore Mercy, were non-partner track positions, not full-time positions, and did not offer any benefits.  *Id*. ¶ 66.  When Plaintiff discussed with Dr. Ramsdell that the contract position GLA offered her was for less than half the money Plaintiff earned under the ACA contract, did not include benefits, did not provide job security, and there was no guarantee Plaintiff would work at Kenmore Mercy, Dr. Ramsdell stated the position "might turn into something permanent if people like you." *Id*. ¶ 68.   Plaintiff did not accept Dr. Ramsdell's job offer to work for GLA.

On April 7, 2020, Plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC"), a Charge of Discrimination ("EEOC charge"), claiming employment discrimination by CHS and GLA based on her sex, age, and familial status, and also asserting retaliation and sexual harassment.[5]  Plaintiff ceased working at Kenmore Mercy upon the ACA contract's expiration on April 30, 2020. Plaintiff alleges that Dr. Ramsdell and the other physicians from GLA who currently work for CHS on a per diem basis "are on cellphones and laptops, conducting business deals in the middle of cases with no repercussions."  Complaint ¶ 42.  On April 6, 2022, the EEOC, upon Plaintiff's request, issued Plaintiff a Notice of Right to Sue, advising Plaintiff that 180 days had passed since Plaintiff filed the EEOC charge, the EEOC was terminating its processing of the EEOC charge, and that Plaintiff had 90 days in which to file a legal action based on the claims raised in the EEOC charge.  This action followed on July 5, 2022.

---

[5] A copy of the EEOC charge is filed as Defendant's Exh. A (Dkt. 15-2).  On a motion to dismiss a complaint alleging employment discrimination, the court may take judicial notice of an EEOC charge.  *See Hughes v. Xerox Corp.*, 37 F. Supp.3d 629, 636-37 (W.D.N.Y. 2014) ("While matters outside the four corners of a complaint are not typically relevant on a motion to dismiss, materials that are expressly referenced in the complaint and submitted by the parties in connection with the underlying motion [to dismiss], such as the EEOC charge . . . may be considered by the Court.") (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1991)).

## DISCUSSION

**1.    Motion to Dismiss**

Defendant GLA moves to dismiss the Complaint pursuant to Fed.R.Civ.P.

12(b)(6) ("Rule 12(b)(6)") for failure to state a claim for which relief may be granted.  On

a motion to dismiss under Rule 12(b)(6), the court looks to the four corners of the

complaint and is required to accept the plaintiff's allegations as true and to construe

those allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416

U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is

required to liberally construe the complaint, accept as true all factual allegations in the

complaint, and draw all reasonable inferences in the plaintiff's favor).  The Supreme

Court requires application of "a 'plausibility standard,' which is guided by '[t]wo working

principles.'"  *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)).  "First, although 'a court must accept as true all of the allegations contained in a

complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not

suffice.'"  *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 678).  "'Second, only a

complaint that states a plausible claim for relief survives a motion to dismiss,' and

'[d]etermining whether a complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience

and common sense.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 570).  The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570.  Simply put, unless the plaintiff pleads "enough facts to state a claim that is plausible on its face" so as to "nudge[ ] their claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

A Rule 12(b)(6) motion is addressed to the face of the pleading.  "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the [pleading], documents attached to the [pleading] as exhibits, and documents incorporated by reference in the [pleading]." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  As noted, Facts, *supra*, at 5 n. 5. in an employment discrimination case, judicial notice may be taken of an EEOC charge and the agency determination.  *Hughes*, 37 F. Supp.3d at 636-37.  A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the [claimant]." *Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant]'s obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

To survive a motion to dismiss a complaint alleging employment discrimination, a plaintiff asserting disparate treatment employment discrimination claims "need not allege 'specific facts establishing a *prima facie* case of discrimination'" pursuant to the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ("*McDonnell Douglas*").  *Boykin v. KeyCorp.*, 521 F.3d 202, 212 (2d Cir. 2008) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).[6]  Relevantly, "the *McDonnell Douglas* burden-shifting framework 'is an evidentiary standard, not a pleading requirement' . . . [such] that to require more than [Federal Rules of Civil Procedure] Rule 8(a)'s 'simplified notice pleading standard' would unjustly impose a heightened pleading requirement on the plaintiff."  *Boykin*, 521 F.3d at 212 (quoting *Swierkiewicz*, 534 U.S. at 510, 512-13).  *Swierkiewicz*'s requirements for sufficiently pleaded employment discrimination claims applies to the employment discrimination claims that are subject to the *McDonnell Douglas* burden-shifting analysis.  *Id.* at 213.

In support of dismissal, GLA argues the Complaint fails to allege discrimination based on familial status because GLA did not refuse to hire Plaintiff, Defendant's

---

[6]  A sufficiently pleaded disparate treatment employment discrimination claim, whether based on sex or age, and regardless of the statutory predicate for an employment discrimination claim, will ultimately be analyzed at trial or on summary judgment under the burden-shifting framework of *McDonnell Douglas*, which requires the plaintiff first establish a *prima facie* case of employment discrimination, after which the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for the alleged disparate treatment, thus shifting the burden back to the plaintiff to establish that the defendant's proffered legitimate, non-discriminatory reason is mere pretext.  *Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006) (citing *McDonnell Douglas*, 411 U.S. at 802-04).  Retaliation claims are also analyzed under the *McDonnell Douglas* burden-shifting framework.  *Ya-Chen Chen v. City University of New York*, 805 F.3d 59, 70 (2d Cir. 2015) (Title VII retaliation claims); *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 609 (2d Cir. 2006) (NYSHRL retaliation claims).  In contrast, hostile work environment claims are not subject to the *McDonnell Douglas* burden-shifting analysis but require the plaintiff to "'produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Rivera v. Rochester Genesee Regional Transportation Authority*, 702 F.3d 685, 693 (2d Cir. 2012) (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010) (further internal quotations omitted)).

Memorandum at 8-9, GLA was not obligated to hire Plaintiff at the same terms as Plaintiff worked under the ACA contract, *id*. at 9-10, insofar as Plaintiff turned down GLA's offer of employment, the claims of discrimination are speculative and deficient, *id*. at 10-11, and Plaintiff's allegations of discrimination are belied by Plaintiff's filings in other court actions.  *Id*. at 11-12.  GLA further argues that Plaintiff's remaining claims are inapplicable to GLA.  *Id*. at 12-14.  In opposing dismissal, Plaintiff argues the Complaint pleads a discrimination claim based on familial status under NYSHRL[7] because the position Dr. Ramsdell, after commenting that Plaintiff's status as a mother with young children would not want a full-time position that might involve travel, offered Plaintiff was only per diem and for significantly less pay and hours suggesting but for Plaintiff's familial status, the offer would have been for full-time employment.  Plaintiff's Response at 4-6.  In support of her claims for hostile work environment based on sex, sex discrimination, and age discrimination, Plaintiff relies on the same statements Dr. Ramsdell allegedly made that Plaintiff likely would not want a full-time position because it would involve travel and Plaintiff had young children, asserting such statements constituted sexual harassment and, thus, a hostile work environment.  *Id*. at 6-8 (hostile work environment), *id*. at 8-9 (disparate treatment based on sex), and 10 (disparate treatment based on age).  With regard to her retaliation claim, Plaintiff argues that it was after Plaintiff complained to several members of Kenmore Mercy's medical staff, including Pam Motley and Shannon Lavocat, that Defendants retaliated against her by terminating the ACA contract.  *Id*. at 9-10.  In further support of dismissal, Defendant argues Plaintiff has failed to allege that the per diem position Dr. Ramsdell offered her

---

[7] Plaintiff does not argue in opposition to dismissal of her familial discrimination claim under Title VII.

was based on the fact that Plaintiff was the mother of young children as required to establish familial status discrimination, Defendant's Reply at 2-5, that Plaintiff's disparate treatment claims based on sex and age cannot be attributed to GLA for whom Plaintiff never worked, *id*. at 5-7, and the fact that Plaintiff never worked for GLA also dooms Plaintiff's hostile work environment and retaliation claims. *Id*. at 7-10.

Preliminarily, it is well established that Title VII requires a plaintiff to exhaust administrative remedies before filing suit in federal court. *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015) (citing *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 126 (2d Cir. 2010) (citing 42 U.S.C. § 2000e-5(e) and (f))). "'Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII ... statutory scheme[ ]'; accordingly, it is 'a precondition to bringing such claims in federal court.'" *Id*. (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)). In the instant case, the parties do not dispute that Plaintiff exhausted administrative remedies as required.

## 2.   Employment Discrimination

As stated, Background, *supra*, at 2-3, Plaintiff's employment discrimination claims include disparate treatment claims based on age in violation of NYSHRL and the ADEA, sex and familial status in violation of NYSHRL and Title VII, hostile work environment based on sex and sexual harassment in violation of NYSHRL and Title VII, and retaliation for opposing discrimination in violation of NYSHRL and Title VII. Title VII provides that it is unlawful for an employer

> to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a)(1).

NYSHRL similarly provides that it is an unlawful discriminatory practice

> For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment . . . .

N.Y. Exec. Law § 296[1](a).

Of further similarity, the ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's age."  29 U.S.C. § 623(a)(1).

Claims under both Title VII and NYSHRL are analyzed according to the same standards.  *See Deveaux v. Skechers USA, Inc.*, 2020 WL 1812741, at *3 (S.D.N.Y. Apr. 9, 2020) ("Discrimination claims brought under the NYSHRL are 'analytically identical' to Title VII claims." (quoting *Lenzi v. Systemax, Inc.*, 944 F.3d 90, 107 n. 7 (2d Cir. 2019)).  ADEA claims also are analyzed "under the same framework as claims brought pursuant to Title VII," *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (internal citation omitted), with one exception.  Specifically, although the ADEA protects only persons age 40 and over from age-based employment discrimination, *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005) (citing 29 U.S.C. § 631 ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age.")), NYSHRL does not set a minimum age at which it protects against age-based employment discrimination.  *See Roberts v. Fresenius Kabi USA LLC*, 2017 WL

10439546, at * 6 (W.D.N.Y. July 20, 2017), *report and recommendation adopted*, 2018 WL 5255793 (W.D.N.Y. Oct. 23, 2018).

As discussed, Discussion, *supra*, at 8 & n. 6, to survive a motion to dismiss, a plaintiff need not demonstrate, establish, show, or prove her employment discrimination claim; rather, the plaintiff need only meet the minimal burden of plausibly by "alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."  *See Vega v. Hempstead Union Free School Dist*., 801 F.3d 72, 87 (2d Cir. 2015) (citing *Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d Cir. 2015) ("*Littlejohn*")).   In other words, a plaintiff need not initially establish discrimination or allege facts concerning each element of the *McDonnell Douglas* three-part, burden-shifting framework according to which the claim will ultimately be analyzed.  *See Vega*, 801 F.3d at 82-84 ("[O]ur decision in *Littlejohn* makes clear that a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas*, at least as the test was originally formulated, to defeat a motion to dismiss.").

**A.   Disparate Treatment**

Plaintiff's First, Second, and Fourth claims allege disparate treatment based on, respectively, age under NYSHRL and ADEA, familial status under NYSHRL and Title VII, and sex under NYSHRL and Title VII.  Disparate treatment claims pursuant to Title VII, NYSHRL, and the ADEA are subject to the same pleading standards, specifically, two elements including (1) the employer discriminated against her, and (2) because of her membership in a protected class here, sex, age, and familial status.  *See Vega*, 801 F.3d at 85 (discussing what must be alleged to survive a motion to dismiss a disparate treatment employment discrimination claim under Title VII); *see also Eng v. City of New*

*York*, 715 Fed.Appx. 49, 52 (2d Cir. 2017) (sufficiency of employment discrimination claims based on age and sex analyzed the same under Title VII and NYSHRL). Although Plaintiff "need not allege 'specific facts establishing a *prima facie* case of discrimination' under *McDonnell Douglas," Boykin,* 521 F.3d at 212 (quoting *Swierkiewicz,* 534 U.S. at 508), absent any facts sufficient to provide Defendant with "fair notice" of the grounds on which such claims rest, the Complaint must be dismissed. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007).

In the instant case, Defendant does not dispute Plaintiff's membership in the protected classes of sex for purposes of both Title VII and NYSHRL, as well as age for purposes of the ADEA,[8] and familial status with regard to NYSHRL.[9]  Critical to Plaintiff's disparate treatment claims based on sex, familial status, and age, however, is that Plaintiff was never employed by GLA and, as such, could not discriminate against Plaintiff in terms of her employment.  *See* N.Y. Exec. Law § 296[1][a] (providing it is illegal for an employer to discriminate against an individual in connection with employment based on the individual's membership in the relevant protected classes of, *inter alia*, age, sex, and familial status); 42 U.S.C. § 2000e-2(a) (same based on sex); and 29 U.S.C. § 623(a) (same based on age).  Such claims are thus insufficiently pleaded and should be DISMISSED.

---

[8] As discussed, although the ADEA protects against age-based employment discrimination for workers age 40 or older, NYSHRL does not restrict age-based employment claims to any particular age.  *See* Discussion, *supra*, at 11-12.  Although the Complaint does not contain any allegation regarding Plaintiff's age, in the EEOC charge filed April 7, 2020, Plaintiff alleged her age was 43.  EEOC charge ¶ 2 (Dkt. 15-2 at 3).

[9] Although NYSHRL does provide for employment discrimination claims based on familial status, N.Y. Exec. Law § 296[1][a], Title VII does not.  *See Meagher v. State University Construction Fund*, 2020 WL 5504011, at * 21 (N.D.N.Y. Sept. 11, 2020) ("Title VII does not include familial status as a protected class").

Further, insofar as the Complaint can be construed as alleging Defendant discriminated against Plaintiff by failing to hire Plaintiff for a full-time position, Plaintiff maintains that discrimination in terms of hiring is sufficiently pleaded because when she interviewed with Dr. Ramsdell and inquired about a full-time position with GLA, Dr. Ramsdell remarked that a full-time position would require travel which Plaintiff would not want because she has young children.  Plaintiff's Response at 5-6 (asserting such comment may be construed as implying Dr. Ramsdell, a decision-maker for GLA, was motivated by assumptions or attitudes relating to Plaintiff's membership in protected classes (citing *Winston v. Verizon Servs. Corp.*, 633 F.Supp.2d 42, 53 (S.D.N.Y. 2009) (quoting *Tomassi v. Insignia Financial Group, Inc.*, 478 F.3d 111, 116 (2d Cir. 2007) ("The relevance of discrimination-related remarks does not depend on their offensiveness, but rather on their tendency to show that the decision-maker was motivated by assumptions or attitudes related to the protected class.")), and citing *Bang v. IBM Corp.*, 600 F.Supp.2d 430, 436 (S.D.N.Y. 2009) (triable issue of fact arises when individual alleged to utter offensive remarks was key decisionmaker)).  As noted, however, *see* n. 9, *supra*, familial status is not a basis for employment discrimination under Title VII.

Moreover, as Defendant argues in reply, Defendant's Reply 3, Plaintiff has failed to allege that she was actually denied any full-time employment opportunity because Plaintiff has not alleged that GLA was seeking to hire full-time employees or that GLA offered full-time employment to any other candidate.  In particular, in *Gaffney v. Department of Information Technology and Telecommunications*, 536 F.Supp.2d 445 (S.D.N.Y. 2008), on which Defendant relies, Defendant's Reply at 3, the court held with

regard to summary judgment that "a plaintiff in a discriminatory failure-to-hire context must establish as part of his *prima facie* case that: (1) he is a member of a protected class; (2) he was qualified and applied for an open position for which the defendants were seeking applicants; (3) he was rejected for the position; and (4) that after plaintiff's rejection, the position remained open and the employer continued seeking applicants of plaintiffs' qualifications or that the position was offered to a person not in plaintiff's protected class, with the touchstone being whether the circumstances could reasonably be read as supporting an inference of discrimination." *Id.* at 462 (citing *McDonnell Douglas,* 411 U.S. at 802 (finding that plaintiff met his *prima facie* burden in part because the employer sought mechanics, which was plaintiff's trade, and continued to do so after plaintiff was rejected)) (underlining added). Although the instant case is before the court on Defendant's motion to dismiss, Plaintiff must still allege discrimination which, in a failure to hire case, requires that there be an open position for employment. *Id.* Because Plaintiff has not plausible alleged this important element, her employment discrimination claims based on a failure to hire fail.

Alternatively, as Defendant argues, Defendant's Memorandum at 9-12, in connection with a separate action filed on January 31, 2022 by Plaintiff and ACA against GLA and Dr. Ramsdell in New York State Supreme Court, Erie County ("state court action"), Plaintiff made statements admitting GLA had, during the summer of 2019, offered Plaintiff a "leadership role" on the partnership track which Plaintiff turned down.[10] Sharkey Declaration ¶¶ 23-26. The offer by GLA was for Plaintiff and the

---

[10] Courts may take judicial notice of pleadings and documents filed in a related action in another court. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (judicial notice on Rule 12(b)(6) motion of complaint and the statements made therein filed in related action as a matter of public record); *Diaz v. Johnson & Johnson*, 2021 WL 3087633, at *5 n.1 (W.D.N.Y. July 22, 2021) (taking judicial notice of

entire ACA business group to merge with GLA, but Plaintiff was not interested in the proposed merger. *Id*. ¶¶ 9-22. This version of the events preceding the termination of the ACA contract is not disputed by Plaintiff, and further undermines Plaintiff's disparate treatment claims based on a failure to hire.

Defendant's Motion should be GRANTED as to Plaintiff's First, Second and Fourth Claims which should be DISMISSED with regard to Defendant GLA.

### B.    Sexual Harassment

Plaintiff's Third Claim for sexual harassment is a *quid pro quo* claim requiring Plaintiff show an adverse or "tangible" employment action was taken against her resulting from Plaintiff's refusal to submit to Defendant's sexual advances. *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 604 (2d Cir. 2006) (citing *Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 57 (2d Cir. 2004), and *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 97 (2d Cir. 2002)). "A tangible employment action usually 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Id*. (quoting *Mormol,* 364 F.3d at 57 (further quotation marks and citation omitted)). In the instant case, Plaintiff utterly fails to allege that she was passed over for any expected raise or promotion, or that any of her employment benefits were in peril because she refused to submit to any sexual advances by anyone representing GLA. *See Schiano*, 445 F.3d at 604 (plaintiff's failure to allege any adverse tangible employment action attributable to the plaintiff's failure to accommodate the employer's sexual advances failed to state a sexual harassment claim).

---

complaint and request for and entry of dismissal of action filed in California court, which were attached to the defendant's motion to dismiss pursuant to Ruel 12(b)(6)).

Defendant's Motion should therefore be GRANTED as to Plaintiff's Third Claim for sexual harassment which should be DISMISSED as against GLA.

### C.    Hostile Work Environment

To state a hostile work environment claim, a plaintiff must allege "(1) that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his or her work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Petrosino v. Bell Atl.*, 385 F.3d 210, 221 (2d Cir. 2004).  "Isolated incidents usually will not suffice to establish a hostile work environment, although [this Court has] often noted that even a single episode of harassment can establish a hostile work environment if the incident is sufficiently severe."  *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 175-76 (2d Cir. 2012).  "As a general rule, incidents must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015).

In the instant case, assuming, *arguendo*, Plaintiff sufficiently alleged incidents of workplace intimidation based on her age, sex, or familial status to establish a hostile work environment, because the hostile work environment must be imputed to the employer, Plaintiff cannot possibly state a hostile work environment claim against GLA, by whom Plaintiff was never employed.  Accordingly, Defendant's Motion should be GRANTED as to Plaintiff's Fifth Claim alleging a hostile work environment which should be DISMISSED as against GLA.

### D.    Retaliation

Plaintiff's Sixth Claim alleges retaliation based on the termination of the ACA contract after Plaintiff complained about disparate treatment and harassment based on her sex and age.  Under both Title VII and the ADEA, "'for a retaliation claim to survive . . . a motion to dismiss, the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action - against him, (2) 'because' he has opposed any unlawful employment practice.'"  *Farooq v. City of New York*, 2022 WL 793117, at *4 (2d Cir. Mar. 16, 2022) (summary order) (quoting *Vega*, 801 F.3d at 90). Unlike Title VII disparate treatment discrimination claims requiring only that a plaintiff allege membership in a protected class was a motivating factor for discrimination, "for an adverse retaliatory action to be [considered to have been taken] 'because' a plaintiff made a charge, the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)).  ADEA retaliation claims similarly require pleading but-for causation to avoid dismissal under Rule 12(b)(6). *Lively v. WAFRA Investment Advisory Group, Inc.*, 6 F.4th 293, 304 (2d Cir. 2021) (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020)).

In the instant case, the adverse employment action Plaintiff asserts is CHS's failure to renew the ACA contract in favor of a new contract with GLA.  Because GLA was not a party to the ACA contract, however, and thus had no power to renew the ACA contract, no claim for retaliation can lie against GLA based on CHS's business decision not to renew the contract, and Plaintiff does not allege anything demonstrating the plausibility of such authority for such action.  Plaintiff references no case law to the

contrary nor has the court's research revealed any; rather, all the caselaw on this issue refers to employment retaliation claims against employers.  *See*, *e.g.*, *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (discussing that where a plaintiff establishes a prima facie case of retaliation in the context of employment discrimination, "the burden shifts to the <u>employer</u> to give a legitimate, non-discriminatory reason for its actions.") (underlining added).  Accordingly, Defendant's Motion should be granted as to Plaintiff's Sixth Claim which should be DISMISSED as against Defendant GLA.

**3.      Dismissal with Prejudice**

Although dismissal of a plaintiff's claims for failure to state a claim is generally without prejudice and with leave to replead, a court does not abuse its discretion in denying leave to replead where the papers provide "no clue as to how the complaint's deficiencies would be cured." *Noto v. 22nd Century Group, Inc.*, 35 F.4th 95, 107 (2d Cir. 2022).  Here, the problems with Plaintiff's claims against Defendant GLA as pleaded in the Complaint, are substantive.  In particular, as Plaintiff's allegations fairly construed establish, because GLA was never Plaintiff's employer, Plaintiff's employment discrimination claims cannot be asserted against GLA such that further pleading against GLA cannot cure this deficiency and would be futile.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of plaintiff's claim for failure to state a claim with prejudice and without leave to replead where even liberal reading of complaint failed to suggest plaintiff had merely inadequately or inartfully pleaded and plaintiff suggested no new material that could be pleaded to sufficiently reframe claim, such that repleading would be futile).  Accordingly, the dismissal of Plaintiff's claims against GLA should be with prejudice and without leave to replead.

## **CONCLUSION**

Based on the foregoing, Defendant's Motion (Dkt. 15) should be GRANTED and the Complaint should be DISMISSED as against Defendant GLA with prejudice and without leave to replead.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      April 13, 2023
            Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.


/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:       April 13, 2023
             Buffalo, New York

21