UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

DR. MELISSA FRANCKOWIAK,

        Plaintiff,

   v.

CATHOLIC HEALTH, and GREAT
LAKE ANESTHESIA,[1]

        Defendants.

———————————————————

22-CV-514 (JLS) (LGF)

## DECISION AND ORDER

On July 5, 2022, Plaintiff Dr. Melissa Franckowiak commenced this action alleging employment discrimination based on sex, age, and familial status under federal and state law[2] against Defendants Catholic Health and Great Lake Anesthesia ("GLA"), stemming from her former employment as an anesthesiologist at Kenmore Mercy Hospital. Dkt. 1. On September 12, 2022, this Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings

---

[1] While the complaint and CM/ECF caption list "Great Lake Anesthesia," Defendant's papers identify Defendant as "Great Lakes Anesthesiology, P.C." *See, e.g.*, Dkt. 24. Accordingly, this order will refer to this Defendant as "GLA".

[2] Plaintiff's complaint identifies the following causes of action: (1) discrimination based on age in violation of New York State Human Rights Law ("NYSHRL") and the Age Discrimination in Employment Act ("ADEA"); (2) discrimination based on familial status in violation of NYSHRL and Title VII of the Civil rights Act of 1964 ("Title VII"); (3) sexual harassment in violation of NYSHRL and Title VII; (4) discrimination based on sex in violation of NYSHRL and Title VII; (5) hostile work environment because of sex/sexual harassment in violation of NYSHRL and Title VII; and (6) retaliation for opposing discrimination in violation of NYSHRL and Title VII. *See generally* Dkt. 1.

under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 13. On September 27, 2022, GLA filed a motion to dismiss for failure to state a claim. Dkt. 15.

Presently before the Court is Judge Foschio's Report and Recommendation ("R&R") recommending dismissal of Plaintiff's claims against GLA, with prejudice and without leave to replead. *See generally* Dkt. 21.

Plaintiff filed timely objections to the R&R, arguing that her allegations in support of her failure-to-hire claim were sufficient to show that there was a full-time position available for the purposes of withstanding a motion to dismiss. Dkt. 22, at 3. GLA responded that Judge Foschio correctly recommended dismissal of the discriminatory failure-to-hire claims because (1) the alleged comments were not tied to Plaintiff's sex; and (2) Plaintiff failed to allege that GLA was seeking a full-time partner-level anesthesiologist or that it offered such a position to a different candidate. *See generally* Dkt. 24. Plaintiff did not file a reply.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the R&R, the objections and response, and the relevant record in this case. Based on that *de novo* review, the Court concludes

the objections are without merit and accepts Judge Foschio's recommendation to grant the motion to dismiss.[3]

For the reasons stated above and in the R&R, Defendant GLA's motion to dismiss (Dkt. 15) is GRANTED, and Plaintiff's claims against GLA are dismissed without leave to replead. The case is referred back to Judge Foschio for further proceedings consistent with the referral order of September 12, 2022. Dkt. 13.

SO ORDERED.

Dated:    June 7, 2023
          Buffalo, New York

                                              _____
                                              JOHN L. SINATRA, JR.
                                              UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that while the R&R articulated a single standard for Plaintiff's hostile work environment claim under both Title VII and NYSHRL, a recent amendment to New York state law "eliminate[d] the requirement that harassing or discriminatory conduct be severe or pervasive for it to be actionable and . . . adopt[ed] instead a more protective standard that prohibits conduct that results in inferior terms, conditions, or privileges of employment." *Wray v. Westchester Med. Ctr. Advanced Physician Servs., P.C.*, No. 21-CV-00394 (PMH), 2022 WL 3214924, at *10 (S.D.N.Y. Aug. 9, 2022) (citations omitted); *see also* N.Y. Exec. Law § 296(1)(h). This more lenient standard applies to those claims accruing after October 19, 2019. *Wray*, 2022 WL 3214924, at *10. In this case, Plaintiff alleges a number of events spanning from 2012 to April 2020—but some of the specific allegations do not identify precise dates. However, even assuming Plaintiff's allegations of a hostile work environment against GLA accrued after October 19, 2019, and are subject to the law as amended, this Court accepts the R&R's recommendation because Plaintiff was never employed by GLA—which, for the reasons discussed, is fatal to any such claim. *See* Dkt. 21, at 17.